# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 03-436(1) (DWF/RLE) |
| | Civil No. 06-402 (DWF) |
| Respondent-Plaintiff, | |
| v. | **ORDER** |
| Adolfo Martinez Ruiz, | |
| Petitioner-Defendant. | |

Joseph T. Dixon, III, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Plaintiff.

Adolfo Martinez Ruiz, *Pro Se*, Defendant.

## Introduction

This matter is before the Court upon Petitioner-Defendant Adolfo Martinez Ruiz's ("Petitioner-Defendant") motion to vacate, set aside, or correct his sentence. Petitioner-Defendant is asserting ineffective assistance of counsel because his lawyer, John Brink, failed to inform the Petitioner-Defendant of the potential consequences of going to trial and his option to enter a plea of guilty. The United States opposes Petitioner-Defendant's motion.

## Background

On December 16, 2003, a United States Grand Jury returned a five-count indictment against the Petitioner-Defendant and three co-defendants. Count 1 alleged that

Petitioner-Defendant conspired to distribute 500 grams or more of a substance containing methamphetamine in November 2003, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count 2 charged Petitioner-Defendant with aiding and abetting possession with intent to distribute approximately three and one-half pounds of a mixture or substance containing a detectable amount of methamphetamine on November 14, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

After a four-day trial that commenced on April 12, 2004, a jury returned guilty verdicts against each of the defendants on all counts and special verdicts on drug quantities with respect to certain counts. On September 2, 2004, the Court sentenced Petitioner-Defendant to a term of 121 months, one month more than the statutory minimum sentence.

The Petitioner-Defendant appealed his conviction, but did not raise any arguments regarding his sentence. The Eighth Circuit affirmed Petitioner-Defendant's conviction. *United States v. Ruiz*, 412 F.3d 871 (8th Cir. 2005).

On January 25, 2006, Petitioner-Defendant filed a *pro se* habeas petition presently before the Court for relief pursuant to 28 U.S.C. § 2255. Petitioner-Defendant now claims that his attorney, John Brink, was ineffective because Mr. Brink allegedly did not discuss the option of pleading guilty and the consequences of going to trial.

**Discussion**

The record does not support the conclusory assertions of Petitioner-Defendant. None of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984).

In order to establish ineffective assistance of counsel, a defendant needs to prove: (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." The record more than amply confirms that the decisions made by Petitioner-Defendant's counsel were the result of reasonable professional judgment exercised by Petitioner-Defendant's counsel as contemplated by *Strickland*. Indeed, it is the Court's view that Petitioner-Defendant received an excellent defense at all stages of the case and that the Petitioner-Defendant was at all times effectively and competently represented by Mr. Brink. Moreover, it cannot be overlooked, and the record will document, that Petitioner-Defendant's position was that he was innocent of the crime. Consequently, as appropriately noted by the Government in its memorandum at page 5, even assuming that Petitioner-Defendant suggested that he wanted to plead guilty at his sentencing, he nonetheless repeated his claims of innocence at that time.

There is nothing in the record to suggest that the Petitioner-Defendant would have accepted a plea but for the failure of his attorney. The affidavit of Mr. Brink establishes that, consistent with similarly situated cases and based upon Mr. Brink's experience, that he counseled Mr. Ruiz with the help of an interpreter, on a pretrial basis, and Mr. Ruiz

exclaimed early on, "Innocent." The Court has given due regard for language barrier issues and interpretation issues in making its decision that Petitioner-Defendant received able and highly competent assistance of counsel from Mr. Brink at all times.

Incredibly, from the Court's point of view, Petitioner-Defendant asserts that he was the victim of ineffective assistance of counsel. The record entirely belies any such notion. It is this Court's view, as noted above, that the Petitioner-Defendant received able advice at all stages of the case, as well as zealous, effective, and competent representation from a very experienced and highly capable lawyer. There was nothing ineffective about Mr. Brink's representation of Petitioner-Defendant.

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitled petitioner to relief; or (2) if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying that standard to Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. The interests of justice will not be served by granting Petitioner-Defendant's motions.

**Conclusion**

Based upon the presentations and submission of the parties, the Court having reviewed the contents of the file, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**Order**

1. Petitioner-Defendant Adolfo Martinez Ruiz's motion to vacate, set aside, or correct his sentence alleging ineffective assistance of counsel is hereby **DENIED**.

2. Petitioner-Defendant Adolfo Martinez Ruiz's motion and request for an evidentiary hearing is hereby **DENIED**.

3. Petitioner-Defendant Adolfo Martinez Ruiz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Dated: May 9, 2006             s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court